UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEWART DEREMER, an individual,

                    Plaintiff,        CASE NO.:  3:21-cv-1197-TJC-JBT

vs.

TOPGOLF USA JACKSONVILLE, LLC
a for profit foreign limited liability
company,

                    Defendant.

_____

## DEFENDANT'S MOTION FOR NEUROPSYCHOLOGICAL EXAMINATION OF PLAINTIFF

COME NOW the Defendant, TOPGOLF USA JACKSONVILLE, LLC, pursuant to Federal Rule of Civil Procedure 35, and file this Motion for the Neuropsychological Examination of Plaintiff, STEWART DEREMER, (hereinafter referred to as Plaintiff), and as grounds therefore state as follows:

1.    This case arises out of an incident where Plaintiff was allegedly inured on August 4, 2020, at Defendant's business located at 10531 Brightman Boulevard, in Jacksonville, Florida.

2.    Plaintiff contends that he has sustained injuries as a result of the subject accident, including his head, back, and neck as well as neuropsychological issues.

3.    Accordingly, there is no dispute that Plaintiff's neuropsychological condition is in controversy and good cause for an independent medical examination

exists so as to obtain a medical assessment of all neuropsychological conditions Plaintiff relates to the accident, including diagnosis, medical causation, medical necessity, and Plaintiff's past, present, and future condition.

4.      Consequently, Defendant requests that Plaintiff appear to have his neuropsychological condition examined by Dr. Jason Demery, a board-certified Neuropsychologist.

5.      The examination will consist of an examination of the Plaintiff's cognitive and memory functioning as well as psychological and personality characteristics. Furthermore, the doctor will inquire into the Plaintiff's complaints of injury and his medical, surgical, and injury history. The time, place, manner, conditions, and scope of the examination are set forth in the attached Request for Neuropsychological Examination (Exhibit "A").

6.      The doctor will provide a report of his opinions and conclusions following the medical examination.

7.      Counsel for the Defendant has discussed this motion and the requested examination with the attorney for the Plaintiff in order to comply with Local Rule 3.01.  Counsel for the Plaintiff has no objection to the motion or to his client's attendance at the requested medical examination.

**WHEREFORE**, Defendant, hereby requests that this Honorable Court enter an Order granting Defendant's Motion for Neuropsychological Examination on the

conditions stated in this Motion and seeks further relief that this Honorable Court deems just and proper.

## MEMORANDUM OF LAW

### I.     The Physical Condition of the Plaintiff is in Controversy and Good Cause Exists

Rule 35 of the Federal Rules of Civil Procedures states, in pertinent part, that the court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination. The order must be made only on motion for good cause, on notice to all parties and the person to be examined and must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it.  Fed. R. Civ. P. 35.  A party seeking to compel an examination must show that the subject matter of the proposed examination is "in controversy" and that good cause exists for the exam. Osgood v. Disc. Auto Parts, LLC, 2014 U.S. Dist. LEXIS 9252, *16-17 (M.D. Fla. 2014). According to the Supreme Court of the United States, "[a] plaintiff in a negligence action who asserts mental or physical injury…places that mental or physical injury clearly in controversy and provided the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964).

Here, the Defendant has met the "in controversy" and "good cause"

requirements under Federal Rule of Civil Procedure 35.  Plaintiff contends that he suffered injuries to his head, neck, and spine, as well as neuropsychological issues, as a result of the subject accident and that he requires ongoing, invasive medical procedures for the treatment of same.  Plaintiff relies on the medical opinions of numerous doctors and will present testimony at trial from one or more medical professionals in order to support his claim for damages.  As such, there is no dispute that Plaintiff's mental condition is in controversy.  The Defendant has not previously been afforded the opportunity to conduct a neuropsychological examination of the Plaintiff.  Further, counsel for Defendant has conferred with Plaintiff's attorney regarding the requested examination and Plaintiff's counsel does not object to the requested examination.  The time, place, manner, and scope of the requested examination are set forth more fully in the attached Request for Neuropsychological Examination (Exhibit "A").

WHEREFORE, Defendant moves this Court for an Order requiring the Plaintiff to submit to a physical examination by Jason Demery, Ph.D.

## **RULE 3.01(g) CERTIFICATION**

Pursuant to Rule 3.01(g), of the Local Rules of the United States District Court for the Middle District of Florida, undersigned counsel has in good faith conferred with counsel for the Plaintiff and has been advised that Plaintiff has no objection to the Motion or the requested Examination.

Dated:  July 7, 2022.

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email:
cdavis@carrallison.com
Secondary Email:
cdodd@carrallison.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2022, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will provide a notice

of electronic filing and a copy of the foregoing to the following:

James D. Allen, Esquire
The Law Offices of James D. Allen,
P.A.
50 N. Laura Street, Suite 2500
Jacksonville, Florida 32202
Email: james@jda-law.com
*Attorneys for Plaintiff*

Albert H Lechner, Esquire
Morgan and Morgan, P.A..
2601 N. Ponce De Leon Blvd
St. Augustine, Florida 32084
Email: alechner@forthepeople.com
Email: aandrade@forthepeople.com
*Attorneys for Plaintiff*

/s/ Steven L. Worley_____

Steven L. Worley

*Attorney for Defendant*